IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ALLEN WOODCOCK and<br>HEIDI MOON WOODCOCK,<br><br>Defendants. | CASE NO.:  1:21-cv-118<br><br><br><br><br><br>JURY TRIAL DEMANDED |

# COMPLAINT

The United States of America alleges as follows:

1. The United States brings this action to enforce the provisions of Title VIII of the Civil Rights Act of 1968, as amended, 42 U.S.C. §§ 3601, *et seq.* (the "Fair Housing Act" or "FHA").

2. The United States brings this action under 42 U.S.C. § 3612(o) on behalf of Misty Shider ("Ms. Shider").

## JURISDICTION AND VENUE

3. This Court has subject-matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1345, and 42 U.S.C. § 3612(o)(1).

4. Venue is proper in this District under 28 U.S.C. § 1391(b) because the actions and omissions giving rise to the United States' claims occurred in the Western District of Pennsylvania, and Defendants reside or do business in the Western District of Pennsylvania.

## THE DEFENDANTS AND SUBJECT PROPERTY

5. Defendant Allen Woodcock ("Defendant Woodcock") is a resident of Cooperstown, Pennsylvania.

6. Defendant Heidi Moon Woodcock ("Defendant Moon Woodcock") is a resident of Cooperstown, Pennsylvania.

7. Defendants Woodcock and Moon Woodcock are a husband and wife who own and manage at least seven residential rental properties in or around Oil City, Pennsylvania, including the property located at 69 Pearl Street (the "subject property").

8. At all times relevant to this action, Defendants Woodcock and Moon Woodcock owned and managed the subject property, and Defendant Woodcock performed maintenance and repairs at the subject property. Defendant Woodcock performed maintenance and repairs in his capacity as co-owner of the property and/or as the agent of co-owner Defendant Moon Woodcock.

9. The rental units at the subject property are "dwellings" within the meaning of the Fair Housing Act (42 U.S.C. § 3602(b)).

## FACTUAL ALLEGATIONS

10. In approximately November or December 2017, Ms. Shider and her then-boyfriend entered into an oral agreement with Defendants to rent the subject property and moved in to the subject property. Ms. Shider resided in the subject property as a tenant of Defendants until approximately June 3, 2019.

11. In or around April 20, 2019, Defendant Moon Woodcock informed Ms. Shider that Defendant Woodcock would be coming to her home to perform maintenance.

12. In or around April 20, 2019, Defendant Woodcock subjected Ms. Shider to discrimination on the basis of sex, including unwelcome sexual harassment that was severe or pervasive. The harassment included:

      a.    approaching Ms. Shider from behind, placing his arms around her, and rubbing his hands up and down her legs;

      b.    grabbing Ms. Shider's arm, pushing her against the wall, and forcibly trying to kiss her; and

      c.    sending an inappropriate text message to Ms. Shider.

13. This harassment occurred while Defendant Woodcock was in Ms. Shider's rental property to perform maintenance or shortly thereafter.

14. Defendant Woodcock's actions were unsolicited and unwelcomed by Ms. Shider. Ms. Shider rejected his advances and asked Defendant Woodcock to stop.

15. Defendant Moon Woodcock engaged Defendant Woodcock to act as her agent in performing maintenance at the subject property. The discriminatory conduct described above in paragraphs 11-14 occurred within the scope of Defendant Woodcock's agency relationship with Defendant Moon Woodcock or was aided by the existence of that agency relationship.

16. Further, Defendants retaliated against Ms. Shider after she reported Defendant Woodcock's discriminatory conduct to Defendant Moon Woodcock.

17. On or about April 28, 2019, Ms. Shider reported Defendant Woodcock's sexual harassment to Defendants Woodcock and Moon Woodcock. Immediately or shortly thereafter, Defendant Moon Woodcock sent the following text messages to Ms. Shider: "You are out." "You got 10 days." "You are a liar." Later that same day, Defendants served Ms. Shider with a notice to vacate.

18. Shortly thereafter, on or about May 10, 2019, Defendant Moon Woodcock filed a landlord tenant complaint in Venango County Court seeking to evict Ms. Shider.

19. On or about May 24, 2019, Ms. Shider attended the eviction hearing and agreed to move out of the subject property by June 3, 2019. Ms. Shider moved out of the subject property on or about June 3, 2019.

20. The above-described actions and conduct of Defendants caused Ms. Shider to suffer economic harm, physical harm, fear, anxiety, and emotional distress.

## HUD ADMINISTRATIVE PROCESS

21. On or about June 18, 2019, Ms. Shider filed a timely fair housing complaint against Defendants Woodcock and Moon Woodcock with the United States Department of Housing and Urban Development ("HUD") alleging that Defendants discriminated against her in the rental of the subject property because of sex.

22. Pursuant to 42 U.S.C. § 3610, the Secretary of HUD conducted and completed an investigation of the complaint, attempted conciliation without success, and prepared a final investigative report. Based upon the information gathered in the investigation, the Secretary determined that reasonable cause existed to believe that Defendants violated the Fair Housing Act. Therefore, on March 1, 2021, the Secretary issued a Charge of Discrimination, pursuant to 42 U.S.C. § 3610(g)(2)(A), charging Defendants with engaging in discriminatory housing practices on the basis of sex.

23. On March 11, 2021, Ms. Shider elected to have the claims asserted in the HUD Charge of Discrimination resolved in a civil action pursuant to 42 U.S.C. § 3612(a).

24. On March 11, 2021, an Administrative Law Judge issued a Notice of Election to Proceed in United States Federal District Court and terminated the administrative proceeding on Ms. Shider's complaint.

25. Following this Notice of Election, the Secretary of HUD authorized the Attorney General to commence a civil action, pursuant to 42 U.S.C. § 3612(o).

## CAUSE OF ACTION

26. Plaintiff realleges and incorporates by reference herein the allegations described above.

27. By the actions and statements described above, Defendants have:

    a. Denied housing or otherwise made housing unavailable because of sex, in violation of 42 U.S.C. § 3604(a);

    b. Discriminated in the terms, conditions, or privileges of the rental of a dwelling, or in the provision of services or facilities in connection therewith, because of sex, in violation of 42 U.S.C. § 3604(b); and

    c. Coerced, intimidated, threatened, or interfered with a person in the exercise or enjoyment of, or on account of her having exercised or enjoyed, rights granted or protected by 42 U.S.C. § 3604(a), in violation of 42 U.S.C. § 3617.

28. Ms. Shider is an "aggrieved person" as defined in 42 U.S.C. § 3602(i), and has suffered damages as a result of Defendants' discriminatory conduct.

29. Defendants' discriminatory conduct was intentional, willful, and taken in reckless disregard of the rights of Ms. Shider.

## PRAYER FOR RELIEF

WHEREFORE, the United States prays that this Court enter an Order that:

30. Declares that Defendants' actions, policies, and practices, as alleged in this Complaint, violate the FHA;

31. Enjoins Defendants, their agents, employees, and successors, and all other persons in active concert or participation with them, from:

    a. Engaging in discrimination on the basis of sex in any aspect of the rental or lease of a dwelling;

      b.      Engaging in discrimination on the basis of sex in the terms, conditions, or privileges of rental of a dwelling, or in the provision of services or facilities in connection therewith;

      c.      Coercing, intimidating, threatening, or interfering with persons in the exercise or enjoyment of, or on account of their having exercised or enjoyed, their rights granted or protected by 42 U.S.C. § 3604(a);

      d.      Failing or refusing to take such affirmative steps as may be necessary to restore Ms. Shider, as nearly as practicable, to the position she would have been in but for the discriminatory conduct; and

      e.      Failing or refusing to take such affirmative steps as may be necessary to prevent the recurrence of any discriminatory conduct in the future and to eliminate, to the extent practicable, the effects of Defendants' unlawful housing practices; and

32.      Awards monetary damages to Ms. Shider in accordance with 42 U.S.C. §§ 3612(o)(3) and 3613(c)(1).

33.      The United States further prays for such additional relief as the interests of justice may require.

Dated:  April 12, 2021

Respectfully submitted,

| | |
|---|---|
| STEPHEN R. KAUFMAN<br>Acting United States Attorney<br>Western District of Pennsylvania | MERRICK B. GARLAND<br>Attorney General<br><br>PAMELA S. KARLAN<br>Principal Deputy Assistant Attorney General<br>Civil Rights Division |
| /s/ Karen Gal-Or<br>KAREN GAL-OR<br>Assistant U.S. Attorney<br>KEZIA TAYLOR<br>Assistant U.S. Attorney<br>United States Attorney's Office<br>700 Grant Street, Suite 4000<br>Pittsburgh, PA 15219<br>Telephone: 412-894-7326<br>Facsimile: 412-644-6995<br>Email: karen.gal-or@usdoj.gov | SAMEENA SHINA MAJEED<br>Chief<br><br>/s/ Katherine Raimondo<br>MEGAN K. WHYTE DE VASQUEZ<br>Acting Deputy Chief<br>KATHERINE A. RAIMONDO<br>Trial Attorney<br>Housing and Civil Enforcement Section<br>Civil Rights Division<br>U.S. Department of Justice<br>4 Constitution Square<br>150 M Street, NE<br>Washington, DC  20530<br>Phone: (202) 305-1987<br>Fax: (202) 514-1116<br>katherine.raimondo@usdoj.gov |

Attorneys for Plaintiff
United States of America